IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02397-REB-KMT

ROOSEVELT W. GILLETTE, II,

    Plaintiff,

v.

BROOMFIELD POLICE DEPARTMENT,
OFFICER MADDOX,
OFFICER SCOTT,
OFFICER BROWN,
OFFICER LUCERO,
SGT. WALTZ,
COMM. HARTMAN, and
CHIEF TOM DELAND,

    Defendants.
_____

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING ORDER TO SHOW CAUSE
_____

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the Court on an Order to Show Cause dated April 17, 2008 [Doc. No. 41]. The Court has reviewed the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court finds that Plaintiff Roosevelt W. Gillette, II has failed to comply with the Court's Order to Show Cause and therefore respectfully RECOMMENDS that the case be dismissed.

I.   BACKGROUND

The history of this action was set forth with more particularity on the record at the hearing on May 28, 2008.  In summary, Mr. Gillette's complaint was filed on November 15, 2007 and an order setting a scheduling conference [Doc. No. 10] was sent to him on December 14, 2007.  On January 28, 2008, Defendants Broomfield Police Department, Maddox, Scott, Brown, Lucero, Walz, Hartman and Deland requested that the scheduling conference previously set for February 20, 2008 be rescheduled.  On January 30, 2008, an order was sent to all parties setting a new scheduling conference date of April 15, 2008; the copy of this Order sent to Plaintiff Gillette was returned as undeliverable on February 6, 2008.

On February 19, 2008, the plaintiff filed a change of address with the court and acknowledged within that he understood the defendants were requesting a change of the date for the scheduling conference and concurring in the request.  In this filing the plaintiff stated, "Secondly, I have received notice from the defense as they wish to reschedule the preliminary hearing.  I also wish to have the prelim reset as I plan to file an amended supplemental complaint involving 2 additional officers.  I will have the supplemental complaint completed within 30 days."

On April 8, 2008, the defendants filed their proposed scheduling order.  In that proposed order the defendants state, "As Plaintiff is incarcerated out of state, the parties have not been able to meet or confer by phone or email.  Counsel for Defendants sent a proposed Scheduling Order to Plaintiff by mail to what they understood to be his address on March 27, 2008.  As of the date of filing this Scheduling Order, Defendants have not heard back from Plaintiff, and this

scheduling order does not contain his input. It is unknown whether Plaintiff will appear at the scheduling conference."

Mr. Gillette did not appear at the scheduling conference on April 15, 2008 and the court received no telephone contact or written contact from Mr. Gillette or his case worker. Upon inquiry by the court of the defense counsel at the hearing, counsel indicated that he had mailed a copy of the court's order [Doc. No. 27] setting the scheduling conference to Mr. Gillette at the new address provided in Document No. 36, and had not received the document back as undeliverable. Counsel further indicated that Mr. Gillette did not respond to the communication and did not provide input for the Scheduling Order.

On April 17, 2008 this court issued an Order to Show Cause [Doc. No. 41] to Plaintiff at the address he had provided to the court, requiring that he show cause why the case should not be dismissed on or before May 15, 2008 and setting a status hearing for May 28, 2008 at 8:30 a.m. This Order was not returned to the court and no response or other communication from Mr. Gillette has been received to date. The court notes that it has been ninety-nine days from the receipt of Mr. Gillette's communication indicating he intended to file an Amended Complaint.

Mr. Gillette did not appear for the May 28, 2008 hearing and no telephonic contact was received from either he or his case manager or any other representative.

II.     ANALYSIS

Even when a plaintiff is proceeding in a case without an attorney, each plaintiff bears the responsibility of complying with Court Orders and attending hearings. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v.*

scheduling order does not contain his input. It is unknown whether Plaintiff will appear at the scheduling conference."

Mr. Gillette did not appear at the scheduling conference on April 15, 2008 and the court received no telephone contact or written contact from Mr. Gillette or his case worker. Upon inquiry by the court of the defense counsel at the hearing, counsel indicated that he had mailed a copy of the court's order [Doc. No. 27] setting the scheduling conference to Mr. Gillette at the new address provided in Document No. 36, and had not received the document back as undeliverable. Counsel further indicated that Mr. Gillette did not respond to the communication and did not provide input for the Scheduling Order.

On April 17, 2008 this court issued an Order to Show Cause [Doc. No. 41] to Plaintiff at the address he had provided to the court, requiring that he show cause why the case should not be dismissed on or before May 15, 2008 and setting a status hearing for May 28, 2008 at 8:30 a.m. This Order was not returned to the court and no response or other communication from Mr. Gillette has been received to date. The court notes that it has been ninety-nine days from the receipt of Mr. Gillette's communication indicating he intended to file an Amended Complaint.

Mr. Gillette did not appear for the May 28, 2008 hearing and no telephonic contact was received from either he or his case manager or any other representative.

II.     ANALYSIS

Even when a plaintiff is proceeding in a case without an attorney, each plaintiff bears the responsibility of complying with Court Orders and attending hearings. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v.*

*Thompson,* 99 F.2d 261, 264 (10th Cir. 1993). Rule 16(f) enables the court to impose sanctions, including default judgment, when a party fails to appear at a scheduling or pretrial conference, and Rule 37(b)(2) permits the court to enter judgment by default when a party fails to obey an order to provide or permit discovery. *Id.* The Show Cause Order reminded Mr. Gillette, in bold typeface, "**Mr. Gillette is hereby warned that failure to respond to this Order to Show Cause on or before May 15, 2008 may result in dismissal of the Complaint without further notice.**"

The court has not heard from Mr. Gillette since February 19, 2008. He has not responded to communications from counsel for the defendants and has not attended the last two scheduled court hearings. The mailings sent to the address he provided to the court on February 19, 2008 have not been returned undeliverable, indicating a likelihood that they were delivered and received. Mr. Gillette has not filed his anticipated motion to amend the complaint in the ninety-nine days since he indicated a desire to do so.

Finally, this court also notes that Mr. Gillette was allowed to file this action in forma pauperis and was allowed to proceed without payment of an initial partial filing fee. [Doc. No. 5]. He was ordered by the court to make monthly payments until the $350.00 filing fee was paid in full by "making monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment." Mr. Gillette was further ordered, "[i]n order to show cause, Mr. Gillette must file a current certified copy of his trust fund account statement" and was advised "that if Mr. Gillette fails to have the appropriate monthly payment sent to the clerk of

4

the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice." The court notes that an inmate trust account statement was filed on January 8, 2008 [Doc. No. 12] indicating no monthly income for the month of December, 2007, but there have been no monthly payments thereafter, nor have any further trust account statements showing a lack of income been filed.

Therefore, based on all the circumstances noted herein, the court must consider whether a dismissal is appropriate. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2369, at 576-77 & n.1 (3d Ed. 2008).

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby RECOMMENDED this action be DISMISSED for failure of the plaintiff to prosecute the case.

NOTICE: Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

6

review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

     Dated this 29th day of May, 2008.

                                                BY THE COURT:

                                                s/ Kathleen M. Tafoya
                                                United States Magistrate Judge